THE LEHIGH COAL AND NAVIGATION COMPANY

*vs.*

D. ARCHIBALD McLEOD.

Penobscot.   Opinion February 15, 1916.

*Appropriation of payments.    Contract.    Guaranty.    Invoice.*

In an action of assumpsit upon a written guaranty dated May 25, 1912, wherein the defendant bound himself as guarantor and surety to the extent of $1,000, in behalf of his brother, Malcolm F. McLeod, on any debt for coal which Malcolm might owe the plaintiff "at the expiration of sixty days from the date of any invoice, during the year from this 25th day of May, 1912, until May 25, 1913," it appeared that various shipments were made in 1912 and were paid for by Malcolm. The coal covered by the account in suit was ordered in April, 1913, and was shipped on cars at Northern Maine Junction as follows: On May 22 coal amounting to $565.79, on May 28, $533.98, on May 29, $156.98, and on May 31, $625.95. The invoices bore the same respective dates. The total charges were $2,418.30 on which a credit of $1,000 was given under date of July 1, 1913, leaving a balance of $1,418.30. Deducting various amounts received in a trustee action, leaves a balance of $936.48 for which this suit was brought.
*Held:*

1.  That the true construction of the agreement is, that the defendant guaranteed payment to the extent of $1,000 of all coal invoiced to Malcolm F. McLeod during the year beginning May 25, 1912, and ending May 25, 1913, in case it was not paid at the expiration of sixty days from the date of the respective invoices. All invoices prior to May 25, 1913, were within its terms, all subsequent thereto were without.

2.  The invoice of May 22, 1913, amounting to $565.79 was therefore covered by this guaranty, and the succeeding ones were not.

3.  But this first charge was extinguished by the payment of $1,000 on account on July 1, 1913. There was no specific appropriation of this payment to any particular items either by the debtor or creditor and therefore the law applied the credit to the extinguishment of the earliest items in the account.

4.  It is too late for either party to claim the right to make an appropriation after a controversy has arisen.

Action of assumpsit upon written guaranty. Defendant pleaded general issue and brief statement. By agreement of parties, cause was reported to the Law Court upon so much of the evidence as was legally admissible, the Law Court to render such final judgment therein as the legal rights of the parties require. Judgment for defendant.

Case is stated in opinion.

*Fellows & Fellows,* for plaintiff.

*George E. Thompson, and James D. Maxwell,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING. HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J. Action of assumpsit upon the following written guaranty:

"BANGOR, ME., May 25, 1912.

*To the Lehigh Coal and Navigation Co.,*
    *Philadelphia, Pa.*

I, D. Archibald McLeod of Bangor do hereby bind myself to the extent of $1000, as guarantor and surety to that extent, in behalf of Malcolm F. McLeod, of Old Town, on any debt for coal which he may the said The Lehigh Coal and Navigation Company owe at the expiration of 60 days from the date of any invoice, during the year from this 25th day of May, 1912, until May 25, 1913.

In witness I affix my signature.

In case demand is made upon me, this guarantee to be returned to me on payment of said sum of $1000, required to meet any deficiency which may exist.

(Signed) D. ARCHIBALD McLEOD."

The plaintiff accepted this guaranty and made various shipments of coal during the year 1912, the first being on June 6, 1912, all of which were duly paid for by Malcolm F. McLeod. In 1913, Malcolm F. McLeod became financially embarrassed and full payment was not made by him for the shipments specified in the account annexed to the writ. The coal covered by this account was ordered

in April, 1913, and was shipped on cars at Northern Maine Junction, as follows: May 22, 1913, coal amounting to $565.79, May 28, $533.98, May 29, $156.98, May 31, three shipments of $377., $158.60 and $625.95. The invoices bore the same dates. The total charges amounted to $2418.30 on which a credit was given in the account annexed under date of July 1, 1913, of $1000, leaving a balance of $1418.30. But it is admitted that the plaintiff has received certain further amounts in a trustee action brought against Malcolm F. McLeod and certain parties named as trustees, so that the agreed balance due for the May coal is $936.48. This amount the plaintiff seeks to recover of the defendant as guarantor.

The defendant's liability depends in the first instance upon the construction of the written guaranty above set forth, and especially of the words "on any debt for coal which he may, the said The Lehigh Coal and Navigation Company owe at the expiration of 60 days from the date of any invoice, during the year from this 25th day of May, 1912, until May 25, 1913." What is the true interpretation of this language? When did the guaranty begin and when did it end? The plaintiff contends that the defendant bound himself to pay for all coal ordered or contracted for by Malcolm F. McLeod during the year ending May 25, 1913, and as this coal in question was contracted for in April, and delivery was delayed at the request of the principal debtor, that the defendant is liable for the entire net balance  The defendant on the other hand contends that he is not liable for any coal bills which Malcolm F. McLeod owed unless it appears that the invoice of such coal was dated 60 days prior to May 25, 1913, the date of the expiration of the contract; that is, that it must appear that the invoice of the coal was dated on or before March 25, 1913. If this construction is correct the defendant is not liable in this action, because all the invoices were dated in May.

We think neither construction is correct. The plaintiff's theory carries the guaranty beyond its time limit and makes the guarantor liable for coal ordered during the year, but not invoiced or shipped until long after its expiration, while the defendant's theory stops short of the time limit and creates a liability not for a year but only for ten months. The true construction lies between the two and flows naturally from the plain and unambiguous terms of the instru-

ment itself. It is this. The defendant guaranteed payment to the extent of $1000, of all coal invoiced to Malcolm F. McLeod during the year beginning May 25, 1912, and ending May 25, 1913, if it was not paid at the expiration of sixty days from the date of the respective invoices. Shipments and invoices were practically contemporaneous and to make the date of invoice is the same thing as making the date of shipment the starting point as to time. The defendant in effect guaranteed the payment of all shipments made within the year. This makes it a contract for one year as it states. The first payment under it would not be due for sixty days after the first invoice so that if a shipment had been made and invoice had been rendered even on May 25, 1912, the date of the execution of the guaranty, the liability could not accrue until sixty days thereafter, namely on July 25, 1912; and by the same token if a shipment was made and invoice rendered on the last day of the existing contract, viz, May 24, 1913, the liability therefor could not accrue until sixty days thereafter, namely on July 24, 1913, thus making the duration of liability one year, as was contemplated. The date of the invoice was therefore the test of inclusion in or exclusion from the terms of the guaranty. It is made such in express terms. All invoices prior to May 25, 1913, were within its terms. All subsequent thereto were without. The application of this test brings the invoice of May 22, 1913, amounting to $565.79 within the guaranty, and excludes therefrom those of May 28, May 29, and May 31.

But at this point the plaintiff encounters another difficulty. The total of the May invoices amounted to $2418.30. On July 1, 1913, Malcolm F. McLeod made a payment of $1,000. The receipt given by the local agent under date of June 28, 1913, simply recites "Received of M. F. McLeod one thousand dollars." The fuller receipt from the treasurer's office in Philadelphia under date of July 1, adds "on account of coal bills, May '13." All bills up to that date had been previously paid. The account was square up to May 22, 1913. There is no evidence that the debtor requested any appropriation of this payment, and there was no specific appropriation by the creditor. The agent of the creditor testified that he received it on account of the May coal, precisely as the receipt

states.   In the absence of such appropriation by either debtor or creditor the law applies the credit to the extinguishment of the earliest items in the account.   This is a familiar principle.   *Milliken* v. *Tufts,* 31 Maine, 497; *Cushing* v. *Wyman,* 44 Maine, 121 ;*Hawkins* v. *Hersey,* 86 Maine, 394; *Manufacturing Co.* v. *Burnham,* 89 Maine, 538.

It is too late for either party to claim a right to make an appropriation after the controversy has arisen.    *U. S.* v. *Kirpatrick,* 9 Wheat., 720; *McKenzie* v. *Nevins,* 22 Maine, 138.

As this payment of $1000 more than extinguished the amount of the first invoice ($565.79), which was the only invoice covered by this guaranty, the entry must be,

*Judgment for defendant.*